(No. 11218.—Judgment affirmed.)

THE BIG MUDDY COAL AND IRON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 21, 1917.*

1. WORKMEN'S COMPENSATION—*finding of the Industrial Board sustained by competent evidence is conclusive on Supreme Court.* In the absence of fraud the Supreme Court is bound by the decision of the Industrial Board upon all questions of fact, and said court can examine the record only for the purpose of ascertaining whether or not there is any competent evidence therein to support such finding of fact by the Industrial Board.

2. SAME—*injured employee may recover under paragraph (d) of section 8 of the Compensation act although incapacity is partly due to pre-existing disease.* So long as the injury sustained is the proximate cause of the incapacity for which compensation is sought the previous physical condition of the employee is unimportant, and an injured employee may recover for permanent incapacity, under paragraph (d) of section 8 of the Workmen's Compensation act, although a pre-existing disease prevents a complete recovery from the effects of the accident.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

BARR & FEIRICH, for plaintiff in error.

GEORGE R. STONE, for defendant in error Owen Purvis.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review the judgment of the circuit court of Williamson county quashing a writ of *certiorari* sued out by plaintiff in error to review the order of

the Industrial Board of Illinois awarding to the claimant, Owen Purvis, as compensation, the sum of $2.78 per week for a period of 401 weeks from May 28, 1915, for partially permanent disability sustained by him while in the employ of the plaintiff in error. No question is made but that all proceedings had were in proper form. The sole questions raised are questions of law, viz.: (1) That there is no competent evidence that the injury sustained is a permanent one; (2) that the board allowed the claimant compensation for a disability not due to an injury sustained by him while in the employ of plaintiff in error.

The evidence shows that the claimant was injured February 16, 1915, in jumping from a pick-truck in order to avoid a bar which had fallen across the entryway along which he and a companion were riding in the mine. At the time of the accident he had been in the employ of the plaintiff in error approximately one and a half months. In jumping from the pick-truck his feet caught in something and threw him against some bars, causing a contusion on the right side extending down to the groin, and internal injuries, from which he was suffering at the time of the hearing. He was totally disabled from the time of the accident to May 28, 1915. At the time of the accident he was earning $11.56 per week. The Industrial Board found he was temporarily totally disabled from the time of the accident to May 28, 1915, and from such date is partially permanently disabled by reason of such injury, but that he is able to earn in some employment other than the one in which he was then engaged, an average of $6 per week. The board ordered that he recover from plaintiff in error the sum of $2.78 per week from May 28, 1915, for a period of 401 weeks, it being a sum equal to one-half of the difference between what he was earning at the time of the accident and what the board found he would be able to earn in his present condition in some other employment.

At the time of the accident the claimant was sixty-one years of age. He was apparently a strong, able-bodied man, and had worked continuously in the mine at hard labor at various jobs for some weeks before that time. A few days after the accident he began to pass blood in his urine, and on examination it was found he had a tumor of the bladder of some five or six months' standing. Prior to the accident plaintiff in error had never suffered any ill-effects from it and did not know of its presence. Since the accident he continually suffers pain in his back and side, walks in a stooped position and uses a cane. The doctor who examined him, while he testified that the injury was not permanent, further testified that he probably would not recover from his present difficulty without an operation, and that, taking the claimant's condition as it is, he doubted if he would ever completely recover; that there was no means of separating the injury to his side and back from that of the tumor; that the injury to the back keeps up the condition of the bladder; that if he were not operated on the condition in his back would not improve much, but that if it were not for the tumor the other injuries would probably heal; that the condition of his back and side was sympathetic, owing to the close connection between the nerves of the pelvic organs and the back. This evidence is sufficient to make the finding of the Industrial Board that the claimant had sustained a partially permanent disability binding on this court. While not of the most satisfactory character, it is nevertheless competent evidence upon which the board might make such finding. It is not the province of this court to review and weigh the evidence. The only question before us is, was there any competent evidence to sustain the finding of the Industrial Board? If so, its finding is conclusive upon this court. We have repeatedly held that in the absence of fraud this court is bound by the decision of the Industrial Board upon all questions of fact, and that we can

only examine the record for the purpose of ascertaining whether or not there is any competent evidence therein to support such finding of fact by the Industrial Board. (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11; *Munn* v. *Industrial Board,* 274 id. 70; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498; *Kerens-Donnewald Coal Co.* v. *Industrial Board,* 277 id. 35.) For the reasons given, we think the first point made by plaintiff in error is not well taken.

By paragraph (*d*) of section 8 of the Workmen's Compensation act (Hurd's Stat. 1913, p. 1209,) it is provided that "if after the injury has been sustained, the employee as a result thereof becomes partially, though permanently incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph (*e*) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (*b*) and (*h*) of this section, equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." There can be no question but that Purvis was injured and that he is unable to pursue his usual and customary line of employment since such injury. This much seems to be conceded by plaintiff in error, who insists, however, that since the evidence shows that at the time of the accident Purvis was also suffering from a tumor of the bladder, which was not due to the injury complained of, and which condition is a contributing cause to his present incapacity, in allowing compensation for the injury sustained at the full amount provided for by the above section the claimant is allowed compensation for an injury which was not due to the accident but for an impaired physical condition which prevents a complete recovery from the effects of such accident. While this may be true it is

not sufficient to relieve plaintiff in error from liability, as there is no means by which it can be ascertained what portion, if any, of the claimant's incapacity is due to the tumor and what portion to the accident. Nor does the law require that we shall ascertain and determine such fact. The statute by its terms includes in paragraph 2 of section 5, "every person in the service of another under any contract of hire, express or implied, oral or written," and in section 1 all "accidental injuries sustained by any employee arising out of and in the course of the employment," and paragraph (d) of section 8 further provides that "if, after the injury has been sustained, the employee as a result thereof becomes partially, though permanently incapacitated from pursuing his usual and customary line of employment," he shall be entitled to compensation at the rate specified in such act. It makes no reference to the previous physical condition of the employee nor is his right to recover for accidental injuries in any way dependent upon such previous physical condition. So far as we are advised, wherever similar questions have arisen in other States it has uniformly been held that the previous physical condition of the employee is unimportant, so long as the injury sustained is the proximate cause of the incapacity for which compensation is sought.

In *Madden* v. *American Mutual Liability Ins. Co.* 222 Mass. 487, it was held that the further weakening of a weak heart so as to incapacitate its owner from the further performance of his duties, although the required exertion was not such as would have affected a healthy person, was a personal injury arising out of and in the course of employment within the meaning of the Workmen's Compensation act of Massachusetts, and that full compensation for such disability might be awarded under such act for the aggravation of the existing heart trouble so as to render the employee no longer able to perform his usual and customary services. It was there said: "There is nothing

said about protection being confined to the healthy employees. The previous condition of health is of no consequence in determining the amount of relief to be afforded. It has no more to do with it than his lack of ordinary care or the employer's freedom from simple negligence. It is a most material circumstance to be considered and weighed in ascertaining whether the injury resulted from the work or from disease. It is the injury arising out of the employment, and not out of disease of the employee, for which compensation is to be made, yet it is the hazard of the employment acting upon the particular employee in his condition of health, and not what that hazard would be if acting upon a healthy employee or upon the average employee. The act makes no distinction between a wise or foolish, skilled or inexperienced, healthy or diseased employee. All who are rightfully described as employees come within the act."

In *Hartz* v. *Hartford Faience Co.* (Conn.) 97 Atl. Rep. 1020, it was held that there might be a recovery for the death of an employee caused by a strain although he was suffering from a hernia unknown to his employer, which strain aggravated his condition and led to his death. It was there said: "By the terms of our Compensation act compensation is not made to depend upon the condition of health of the employee or upon his freedom from liability to injury through a constitutional weakness or latent tendency. It is awarded for a personal injury arising in the course of and out of the employment and for an injury which is a hazard of that employment. As Chief Justice Rugg points out in *In re Madden,* 222 Mass. 487, (111 N. E. Rep. 382,) it is the hazard of the employment acting upon the particular employee in his condition of health, and not what that hazard would be if acting upon a healthy employee or upon the average employee. Whatever predisposing physical condition may exist, if the employment is the immediate occasion of the injury it arises

out of the employment, because 'it develops within' it. When the exertion of the employment acts upon the weakened condition of body of the employee or upon an employee predisposed to suffer injury in such way that a personal injury results, the injury must be said to arise out of the employment. An employee may be suffering from heart disease, aneurism, hernia, (as was Mr. Hartz,) or other ailment, and the exertion of the employment may develop his condition in such a manner that it becomes a personal injury. The employee is then entitled to recover for all the consequences attributable to the injury. The acceleration or aggravation of a pre-existing ailment may therefore be a personal injury within our act, and the test may well be that suggested by Lord Loveburn in *Clover, C. & Co.* v. *Hughes,* (1910) A. C. 242, Did the ailment develop the injury or did the employment develop it in any material degree? If it did, the injury arose out of the employment. (*Ismay, Imrie & Co.* v. *Williamson,* (1908) A. C. 437; note L. R. A. 1916A, 293; *In re Madden,* 222 Mass. 288; 111 N. E. Rep. 382; *Crowley* v. *Lowell,* 233 Mass. 288; 111 N. E. Rep. 786; *Brightman's Case,* 220 Mass. 20; 107 N. E. Rep. 528; L. R. A. 1916A, 321; *Vorhees* v. *Smith-S. Co.* 86 N. J. Law, 500; 92 Atl. Rep. 280.) A similar rule prevails under the common law.—*Freeman* v. *Mercantile M. A. Ass'n,* 156 Mass. 351; 30 N. E. Rep. 1013; 17 L. R. A., 753; *Hooper* v. *Standard Life and Accident Ins. Co.* 166 Mo. App. 209; 146 S. W. Rep. 116." In this connection see *Hills* v. *Oval Wood Desk Co.* (Mich.) 158 N. W. Rep. 214, and Annotation of Workmen's Compensation Acts, L. R. A. 1916A, p. 293.

: In the instant case Purvis was in apparent good health and able to perform his usual occupation and employment until the time of the accident. Since that time he has been for a time totally and is now partially incapacitated from following either his usual occupation and employment or any other. This incapacity is proximately due to the

279 — 16

accident operating upon his diseased physical condition, and not to his ailment independently of such injury. The injury, therefore, is one which has been developed and accelerated to a material degree by the accident and is one for which compensation must be made under the provisions of the act.

For the reasons given the judgment of the circuit court will be affirmed.

*Judgment affirmed.*

---

(No. 11371.—Decree affirmed.)
GEORGIA DYMEAK, Appellee, *vs.* NELS P. CHRISTJENSEN, Appellant.

*Opinion filed June 21, 1917.*

1. EASEMENTS—*what conduct estops owner of land to deny existence of right of way over his land.* The conduct of an owner of land through which a private right of way has been set off for fifty years by a hedge fence, in cutting down the hedge and putting up a wire fence, leaving the right of way but making it narrower, is inconsistent with his denial of the existence of the private right of way.