## WATERMAN ET AL. v. RIEHL.

[No. 9,864. Filed October 10, 1917.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Review.*—Under §61 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that an award of the Industrial Board shall be conclusive as to all questions of fact, where the testimony of medical witnesses as to the cause of decedent's death was conflicting, but a part of such testimony sustained the finding of the board, its finding is conclusive on appeal.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Mary Riehl against Oscar C. Waterman and others. From an award for applicant, the defendants appeal. *Affirmed.*

*Pickens, Moores, Davidson & Pickens,* for appellants.
*James E. Rocap,* for appellee.

CALDWELL, J.—George Riehl, appellee's deceased husband, was an employe of appellant Waterman. As such, on November 15, 1915, he was assisting in wrecking a building in Indianapolis, whereupon he fell to the ground from some part of the structure, whereby he suffered serious physical injury. The matter having been properly brought before the Industrial Board, Waterman and Riehl, under the terms of §57 of the Workmen's Compensation Act (Acts 1915 p. 392), agreed in writing respecting the amount of compensation that should be paid to the latter. This agreement was filed with and approved by the Industrial Board.

It was to the effect that, in addition to medical bills incurred on account of the injury within the first thirty days thereafter, Waterman should pay to Riehl, beginning November 30, 1915, $7.79 per week during the disability caused by his injuries, but not extending beyond the period of 300 weeks prescribed by the act. Riehl died April 23, 1916. No payments were in arrears at that time. On September 7, 1916, appellee, as dependent widow, on the theory that her husband's injuries caused or hastened his death, filed with the board her application for an adjustment of her claim, based on such theory. Waterman's insurance carrier became a party to the proceeding. On a hearing the board awarded appellee, in addition to $100 burial expenses, 280 weeks' compensation at $7.79 per week. In fixing the duration of the compensation, the board, as required by §37 of the act, *supra,* deducted from the prescribed period of 300 weeks the number of weeks for which payments had been made to Riehl under such agreement. Waterman and the insurance carrier have appealed, challenging only the sufficiency of the evidence to sustain the award.

It is contended by appellants, and conceded by appellee, that the immediate cause of decedent's death was a diseased condition known as cirrhosis of the liver. It is appellants' contention, however, that such ailment as an independent malady resulted in Riehl's death, while appellee contends that decedent's injury produced such diseased condition, and that the diseased condition so produced caused her husband's death. The board found against appellants' contention, and specifically found that decedent's injuries resulted in his death. The testimony of a number of medical witnesses was brought to bear upon the question in controversy. A part of such medical testimony sustains the finding of the board; much of it is otherwise. The case then pre-

sents a situation where there is merely a conflict in parol evidence. Under such circumstances, the question of fact whether decedent's injuries resulted in his death was for the determination of the board, and the board's finding being sustained by some evidence, this court has no jurisdiction to review the action of the board. §61 Workmen's Compensation Act, *supra; In re Carroll* (1917), *ante* 146, 116 N. E. 844; *Columbia School Supply Co.* v. *Lewis* (1917), *ante* 339, 116 N. E. 1; *In re Meyers* (1917), 64 Ind. App. 602, 116 N. E. 314; *Bloomington, etc., Stone Co.* v. *Phillips* (1917), *ante* 189, 116 N. E. 850; *Gorski's Case* (1917), 227 Mass. 456, 116 N. E. 811; *Dietzen Co.* v. *Industrial Board* (1917), 279 Ill. 11, 116 N. E. 684; *Big Muddy Coal Co.* v. *Industrial Board* (1917), 279 Ill. 235, 116 N. E. 662.

Award affirmed.

NOTE.—Reported in **117 N. E. 272.** Workmen's Compensation Act: review of facts on appeal, see note *ante* 347.