## League *v.* Weidely Motors Company.

[No. 11,360. Filed May 12, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Industrial Board.—Conclusiveness.*—A finding by the Industrial Board, if sustained by some evidence, is binding upon the court on appeal. p. 274.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Industrial Board.— Evidence.— Sufficiency.*— In a pro-

ceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), a finding of the Industrial Board that a cataract was not caused by an injury to claimant's eyelid *held* sustained by the evidence. p. 274.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Harry League against the Weidely Motors Company. From an order denying compensation, the applicant appeals. *Affirmed.*

*George Burkhart,* for appellant.

*James W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellee.

ENLOE, J.—On September 27, 1918, the appellant was in the employment of appellee, and on said date received a personal injury by accident, arising out of and in the course of his employment. The injury was sustained by a small piece of steel striking appellant upon the upper lid of the left eye, cutting a small gash in the lid and causing the same to bleed. First aid was at once administered, and appellant went to a doctor and had his eye examined and treated. The injury occurred on Friday afternoon and appellant returned to his work on Monday morning. About the month of December, 1919, he began to have severe headaches, and in January following he procured glasses and wore them for some time. He finally became totally blind in that eye as the result of cataract therein.

The appellant filed with the Industrial Board, his application for compensation on account of such alleged injury, claiming the loss of sight of said eye had resulted therefrom.

A hearing was first had before one member of said board, and an award of compensation denied. Thereafter a hearing was had before the full board, and addi-

tional testimony heard. After such hearing the full board found, among other things, that the said injury of September 27, 1918, "did not result in any permanent partial impairment, or any dismemberment; that in December, 1919, plaintiff discovered that he was totally blind in the left eye; that the blindness of said eye is not due to any accident arising out of and in the course of his employment with the defendant," and upon the finding so made an award of compensation was denied. From the order of said board denying an award this appeal is prosecuted.

The only question we need to consider is whether there is any evidence to sustain said finding, for, if sustained by any legitimate evidence, it, like the verdict of a jury, is binding upon us. *Waterman* v. *Riehl* (1917), 65 Ind. App. 347, 117 N. E. 272, and authorities there cited.

Among the witnesses testifying on behalf of the appellant was one Walter N. Sharp, an eye specialist, who had examined and treated appellant's eye. He testified that he could not say what caused the cataractous condition of appellant's eye; that traumatic cataracts usually develop much sooner after the injury is sustained than did this one; that you would not expect a slight penetration of the eyelid, when the eye itself was not injured, to cause a cataract.

Dr. John F. McCool, who saw and treated appellant's eye on the day he received the injury, testified that he examined the injury; that he looked to see how deep it was, and whether it extended through the eyelid; that it did not extend through the lid and that the eyeball was not injured; that in his opinion had the cataract been caused by such wound, it would have developed immediately.

This testimony abundantly sustains the finding of the Industrial Board. The award is affirmed.