WRIGHT *v.* POLK SANITARY MILK COMPANY.

[No. 14,969.   Filed October 20, 1933.]

*Victor S. Jose, Jr.,* and *Owen S. Boling,* for appellant.

*Robert S. Smith,* for appellee.

KIME, C. J.—This appeal is predicated upon proceedings had before the Industrial Board of Indiana, by which the appellant sought an adjustment of claim for compensation for permanent partial impairment caused by injury, received while in the employ of appellee, on July 30th, 1930.

It appears that on July 16th, 1932, appellant filed his application for adjustment of claim for compensation as provided by §9469, Burns Supp. 1929. (§16400, Baldwin's 1934), on account of permanent partial impairment sustained by appellant as a result of an accident on July 30th, 1930, while in the employ of appellee.  The

record discloses that appellant was employed by appellee as a checker in a cold storage plant; that while pulling several stacked cases of milk across the floor the lower case, because of its condition, gave way causing the cases to topple and one of them struck appellant along the eighth rib causing a bruise. The bruise was taped by a doctor and appellant was sent home. Due to the intense pain occasioned by the bruise appellant was sent in an ambulance to the hospital, where he remained for several days, for treatment and X-rays. Appellant was visited by a representative of appellee who told him that if he did not get back to work he would lose his job. Appellant returned to his work, but was assisted at his work by a helper. Appellant signed a receipt in final settlement upon payment to him of $4.71, although the swelling had not gone down and claimant was still suffering considerable pain. The pain persisted and at the site of the swelling a lump formation appeared. Said lump was diagnosed as a tumor, and as a result appellant could not do much lifting with his left arm, could not lie on his left side, and the tumor was sensitive to the touch of his clothing.

To this application appellee filed a special answer raising the question as to prior adjudication and the board found that appellant take nothing by his application for adjustment of claim, for the reason that there had been a former adjudication of said matter and that said injury had not resulted in a permanent partial impairment. The finding that the injury had not resulted in a permanent partial impairment is decisive, provided there is some competent evidence or legitimate inferences to be drawn from such evidence to sustain the finding.

Several doctors testified in this case, in reference to appellant's injury, before the Industrial Board, and we find that some of the testimony of Dr. Hahn sustains

the finding of the board. It was the duty of the Industrial Board to find whether or not appellant's injury of July 30th, 1930, resulted in the permanent partial impairment complained of and the finding of the board, to the effect that such injury did not result in such permanent partial impairment, being sustained by some evidence, this court is bound by such finding. *League* v. *Weidely Motors Company* (1922), 78 Ind. App. 272, 135 N. E. 265; *Waterman* v. *Riehl* (1917), 65 Ind. App. 347, 117 N. E. 272.

The award of the full Industrial Board is affirmed and it is so ordered.