(No. 25247.—

THE CHICAGO PARK DISTRICT, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH ZEMAN, Defendant in Error.)

*Opinion filed December 12, 1939.*

John O. Rees, (Martin G. Loeff, and John H. Ulrich, of counsel,) for plaintiff in error.

Augustine J. Bowe, and William J. Bowe, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

Defendant in error, Joseph Zeman, filed an application for adjustment of claim with the Industrial Commission seeking compensation for partial disability by reason of an injury occurring on November 25, 1936, arising out of and in the course of his employment with the Chicago Park District, plaintiff in error. The injury complained of was the result of his being struck by a door swinging in the wind.

The arbitrator found that first aid, medical, surgical and hospital services had been provided and that the earnings of Zeman during the year preceding the injury were $1800, or an average weekly wage of $34.61. The arbitrator also found that Zeman was thirty-two years of age and had two children under sixteen years, dependent upon him, and recommended an award of $9.97 per week for a period of 416 weeks, as provided in paragraph (d) of sec-

tion 8 of the Workmen's Compensation act, for the reason that the injury sustained caused Zeman to become partially permanently incapacitated for work. This award of the arbitrator was confirmed on review before the Industrial Commission and, later, on *certiorari,* by the superior court of Cook county. The cause is here on allowance of a writ of error.

It appears from the evidence of defendant in error that on the morning of the alleged injury, Zeman, who was employed to drive a truck, had gone into a tool shed to get tools for men who were to work that day, and as he came out was struck by a heavy door of the shed as it was blown shut by high wind. He was knocked unconscious and when he regained consciousness he was in the hospital. It appears that prior to the time of the injury Zeman had suffered two seizures of epilepsy, one when he was fourteen years old and the other when he was seventeen. At the time of the injury he was thirty-two years of age and for fifteen years he had no recurrence of this difficulty. He testified that after the date of the injury he frequently suffered dizziness and headaches, and that prior to the injury he was not so affected. It appears that in September, some ten months after the injury, he again suffered an epileptic seizure while driving a truck, and was thereafter discharged.

The Chicago Park District argues that Zeman was an epileptic; that the occurrence on November 25, 1936, was an epileptic seizure, and that it was not superinduced or brought about by being struck by the shed door. The record showed that Zeman was able to earn, and did earn, as chauffeur, the average wage of $34.61 per week, prior to his discharge by the park district. The only employment thereafter had by him, so far as shown in the record, was that of an attendant at a gas station for a period of about seven weeks, with a wage of $18 per week.

The park district, as plaintiff in error, contends that the record does not show an injury arising out of and in the

course of Zeman's employment that had any causal connection with his present condition, and also that there is no evidence tending to show the difference, if any, in his earning capacity before and after the alleged injury. It also argues that no demand for compensation, sufficient to entitle Zeman to the relief sought, was shown.

Zeman testified that he was struck by this swinging door as he came out and was knocked unconscious. In this he is corroborated by the witnesses Rudolph Peck, Thomas Giblin and Sam Monforti. Plaintiff in error's witness Chester Salisbury, an employee of the park district who had charge of the tool room, preceded Zeman into the shed for the purpose of getting the tools Zeman desired. He was engaged in getting the tools with his back to Zeman. He testified that at the time Zeman collapsed he was inside the shed, ten feet from the door, and the door was closed, having slammed shut while they were in the room. He described the character of seizure which he said that Zeman had.

Two doctors called by Zeman were of the opinion that there was a causal relation between the injury testified to and the then condition of Zeman. A physician was offered by plaintiff in error as a specialist in neurology and psychiatry, who testified that there was no causal connection between the alleged injury and the epilepsy from which Zeman was suffering. Zeman's physicians testified that epilepsy may be dormant and be brought to an active stage by a blow, bringing on what they characterized as "traumatic epilepsy." It is not contended that Zeman did not have an epileptic seizure the day he was injured or that he had not theretofore had two such seizures, but the contention is that it was then a latent disease which was brought into activity and aggravated by the blow he received on the head at that time.

This court has held that where pre-existing conditions of diseases are aggravated by an accidental injury, the

disability resulting from such aggravation is compensable. (*Big Muddy Coal and Iron Co.* v. *Industrial Board,* 279 Ill. 235; *Peoria Terminal Co.* v. *Industrial Board,* id. 352.) The disputed questions of fact were heard by the arbitrator and the commission, and their finding is confirmed by the superior court. We are unable to say that their finding in that matter was contrary to the manifest weight of the evidence, and unless it is so contrary this court has uniformly held that it will not disturb the finding of the commission.

Concerning the claim of plaintiff in error that there was no proof as to a reduced earning capacity, the proof in the record is that after this injury and after his discharge from the service of the park district in September, 1937, Zeman worked for a period of about seven weeks as a gasoline station attendant and earned $18 per week; that he continued in this work until the owner of the station sold it. The rule is that in such a case the proof must be of actual earnings of the employee for a substantial period before the accident and for a substantial period after the accident. (*Groveland Coal Mining Co.* v. *Industrial Com.* 309 Ill. 73; *Old Ben Coal Corp.* v. *Industrial Com.* 296 id. 229.) The proof in the record was sufficient to form a basis for the determination of the arbitrator and commission as to difference in earning capacity.

Concerning a demand for compensation as to which plaintiff in error says there is no substantial basis in evidence, Zeman testified that about a week after the accident he spoke to his foreman and made a claim for compensation. This foreman testified on the hearing before the commission but did not deny this conversation. Plaintiff in error says that this demand for compensation must have been merely a demand for wages which he would lose by reason of his having been in the hospital for a week. It, however, can scarcely be so limited. It was not until after that time that Zeman, according to his testimony, knew the effects of this blow on his condition. He testified that thereafter he

had dizzy spells and headaches almost continuously, and in September, 1937, he had another seizure. The rule adopted by this court is that any claim which informs the employer that the employee intends to claim the benefit of the Workmen's Compensation act is sufficient. (*Moustgaard* v. *Industrial Com.* 287 Ill. 156.) We are of the opinion that the demand was sufficient in this case.

The judgment of the superior court confirming the award of the commission is affirmed.

*Judgment affirmed.*