(No. 33054.—

CRERAR CLINCH COAL COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(JOHN BAUER,
Defendant in Error.)

*Opinion filed May 24, 1954.*

B. S. QUIGLEY, and LEES, BUNGE & THUMBA, both of Chicago, (GEORGE C. BUNGE, and GEORGE HAMILTON BUNGE, of counsel,) for plaintiff in error.

LESTER B. MARSHALL, of Chicago, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant in error, John Bauer, hereafter called petitioner, filed an application for adjustment of claim with the Industrial Commission of Illinois, seeking compensation for injuries received while in the employ of Crerar Clinch Coal Company, a corporation, hereafter called the respondent. The application was heard on April 10, 1952, before an arbitrator who thereafter found that petitioner was entitled to have and receive $22.50 per week for 44⅗ weeks for temporary total incapacity, and the sum of $22.50 per week for a further period of 252 weeks, plus $5.36 for an additional week for permanent partial incapacity, all under the provisions of section 8(d) of the Workmen's Compensation Act, as amended, in force July 18, 1949. On October 17, 1952, this matter was heard on review by the Industrial Commission of Illinois. Subsequently, the commission rendered its decision and award in and by which it set aside the award of the arbitrator and entered an award (1) allowing the petitioner $17.19 per week for a period of 20 weeks for "partial" incapacity and (2) thereafter the sum of $4.75 per week for a further period of 346⅗ weeks for permanent partial incapacity; and that petitioner was entitled to receive $22.50 per week for 51 weeks on account of temporary total incapacity. Upon *certiorari* the circuit court of Cook County set aside

the decision of the Industrial Commission and ordered and adjudged that respondent pay to petitioner for permanent partial incapacity the sum of $22.50 per week for 252 weeks and $5.36 for another week. The order and judgment was silent as to an award for temporary total incapacity. We have granted a writ of error to review said order and judgment of the circuit court.

Petitioner, at the time he was injured, had been an employee of respondent for about nine years. He was classified as a "mechanic" and took care of, repaired and maintained cranes, trucks, and loading and unloading equipment used for coal. On February 1, 1951, he was called upon to repair a truck, the body of which was then raised from the frame. While petitioner was working on its repair, the body slipped and came down upon him, pinning him between the frame and body of the truck. He was severely injured across the back, neck, shoulders, and chest. As a result of his injuries he was unable to work until December 10, 1951, at which time respondent put him to work as a "helper." The evidence shows that during the periods of time here involved the scale of pay for a helper was 32½ cents per hour less than that of a mechanic; that before and after the accident the base rate was paid for eight hours work per day, and time and a half for all time worked in excess thereof, and that forty hours was considered a work week. This difference in base pay per hour multiplied by forty hours establishes a loss in earning capacity of $13 per week, and respondent in its petition concedes that petitioner is entitled to an award for partial permanent disability on that basis. This, of course, is based upon an assumption that petitioner was physically able, despite his injuries, to put in eight hours of work a day and five working days in each week.

The record shows that from the time he returned to work to the date of the arbitration hearing petitioner worked 520 hours at the base rate although there were

88 working days of 8 hours per day (704 hours) during that period, and that between April 10, 1952, and the date of the hearing before the Industrial Commission (October 17, 1952,) there was a marked increase in the number of hours per day put in by petitioner, in fact, the average increase was from 94 percent to 99 percent on the basis of an eight-hour day.

The proper basis in this case for computing the amount of compensation payable for partial permanent disability is to be found in sections 8(d) and 10(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1949, chap. 48, pars. 145, 147,) as construed and interpreted by this court in the case of *Franklin County Coal Corporation* v. *Industrial Commission,* 398 Ill. 528. The application of the provisions of said paragraphs, and of the principles and rules announced by us in the *Franklin County Coal Corporation case,* to the undisputed facts in this record provides the formula for determining the amount of compensation to which petitioner is entitled.

As above stated, the earning capacity of petitioner by reason of his injury has been reduced to the extent of $13 per week. Petitioner, at the time of the injury, had one child under 18 years of age. He was, therefore, entitled to receive, as basic compensation, 55 percent of the foregoing amount, namely $7.15 (section 8(d) and section 8(j)1,) to which is added 50 percent of the last-mentioned amount, as increased compensation ($3.57½), as provided by section 8(m). It thus appears that applicant is entitled to receive as compensation the sum of $10.72½ per week, subject to the limitations as to time and maximum amounts ·fixed in paragraphs (b) and (h) of said section 8. ·

It should be borne in mind, however, that the foregoing computation assumes that petitioner is physically able to put in five days work of eight hours per day of each week in his present position. If, however, petitioner is able to prove as a result of his injury that he is physically unable

to put in full time at his present work, or that to work full time will endanger his life or health, then his loss of earning capacity will be increased *pro tanto,* and with it, of course, the weekly compensation.

Under the rule in this State, however, the commission is not limited to evidence of the amount actually earned after the injury. Other matters than the amount earned may be considered (*Old Ben Coal Corp.* v. *Industrial Com.* 296 Ill. 229, 232,) and it is not enough for an employee to show that he did not work. It must also appear that he was not able to work. A man is physically able to work when he can do so without endangering his life and health. *Western Cartridge Co.* v. *Industrial Com.* 357 Ill. 29, 33.

In view of what we have already said it is obvious that the Industrial Commission erred in its decision and award, and that the circuit court committed reversible error in entering the order and judgment now the subject of this review, and that a further hearing of this matter by the commission will be necessary.

We will now briefly pass upon the errors assigned upon the record here in order to prevent a recurrence of them upon the rehearing of this cause by the commission.

*First:* As to the petitioner's period of temporary total incapacity, the arbitrator found it was 44⅗ weeks; the commission on review found it to be 51 weeks; and the circuit court on *certiorari* made no finding whatever on that issue.

It is evident that the period from the date of injury, February 1, 1951, and the date petitioner returned to work, December 10, 1951, is 44⅗ weeks. The calendar seems to settle that issue definitely.

*Second:* At the hearing on review before the commission respondent's exhibits 1, 2 and 3 were admitted in evidence by stipulation upon conditions not material to this discussion. Together, they purported to show the hours worked by petitioner from April 6, 1952, to the

week ending on October 12, 1952, and the wages earned by him from the week ending on May 4, 1952, to the week ending on October 12, 1952. Criticism of petitioner to the form of these exhibits seems to have been corrected by an itemization of these exhibits attached to respondent's reply brief, as an appendix.

It will be noted that the period of time involved in these exhibits is that between the hearing before the arbitrator and the hearing before the commission on review, something over five months. The time involved from the date petitioner returned to work and the date of the arbitrator's hearing was 17$\frac{4}{7}$ weeks, to which period, of necessity, the arbitrator was limited.

There is no doubt that the commission considered the evidence shown by said exhibits, nor is there any doubt that the circuit court on *certiorari* absolutely refused to consider and give effect to this evidence; and in so refusing the circuit court committed reversible error. The rule is that in such a case the proof must be of actual earnings of the employee for a substantial period before the accident and for a substantial period after the accident to form a basis for the determination of the arbitrator and the commission on review as to the difference in earning capacity. *Chicago Park Dist.* v. *Industrial Com.* 372 Ill. 428, 432.

In the instant case we can see nothing unjust in requiring that consideration and effect be given to all competent evidence offered and received, bearing upon the question of reduced earning capacity or of lack of it for any period after return to work up to the date of hearing by the commission no matter who may be favored or not by such evidence.

*Third:* As heretofore stated, the commission in its award included an allowance of $17.19 per week for 20 weeks for "partial" incapacity, in addition to its award of $4.75 per week for 346$\frac{6}{7}$ weeks for "permanent" partial incapacity. We can find no authority in section 8(d)

or elsewhere which warrants "splitting" an award thereunder in that manner, and in doing so the commission erred. If, however, under the facts, the sum total reached in that manner represented a loss or reduction in earning capacity effect should be given to that result within the finding of permanent partial incapacity.

For the foregoing reasons, the order and judgment of the circuit court will be reversed and the cause remanded to that court, with directions to remand the same to the Industrial Commission to take such additional evidence as the parties hereto may desire to offer and to enter a decision and award in accordance with the views herein expressed.

*Reversed and remanded, with directions.*