Freeman v. Hutchinson.

---

No. 1,866.

## FREEMAN v. HUTCHINSON.

MALPRACTICE.—*Evidence.*—In an action against a physician, to recover damages resulting from the alleged negligence of such physician in treating plaintiff's injured thumb, it was not error for plaintiff's witness, who was a physician, to examine the injured thumb in the presence of the jury, and to exhibit and describe its condition.

PRACTICE.—*Cross-examination of Witnesses.*—The trial court has a wide discretion as to the course and scope of the cross-examination of witnesses, and this court will not review that discretion, unless it is apparent that it has been abused.

NEW TRIAL.—*Newly-Discovered Evidence.*—A new trial should not be granted on account of newly discovered evidence, unless such evidence would probably produce a different result, or in some way influence the verdict.

From the Sullivan Circuit Court.

*Buff & Nesbit,* and *J. S. Bays,* for appellant.

*W. S. Maple, J. W. Lindley,* and *J. C. Briggs,* for appellee.

LOTZ, J.—The appellee received an injury to the thumb of the left hand. The appellant, as a physician and surgeon, undertook to treat the injury. The hand became permanently disabled. The appellee sued the appellant to recover damages, alleging that the disability resulted from the negligence and want of skill of the appellant in treating the wound. The jury returned a verdict for appellee in the sum of $500.00, upon which judgment was rendered.

The only assignment of error discussed by appellant is the overruling of his motion for a new trial.

During the progress of the trial a physician, a witness for the appellee, was permitted, over appellant's objection, to examine the injured thumb in the presence of the jury, and to exhibit and describe its condition. There was no error in this. *Citizens' St., etc., R. R. Co.* v. *Willoeby,* 134 Ind. 563. Not only may a witness use the injured member in giving his testimony, but it is proper for the jury to examine and inspect it. Such evidence is of the highest rank. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544.

The appellant's motion to strike out a certain question and answer of the witness Jerry Hutchinson, on redirect examination, was overruled. There was no error in this, for the same matter was in evidence brought out by the appellant on cross-examination,

and the motion to strike out did not include such evidence given on cross-examination.

The appellant also complains of certain questions propounded to one of the witnesses on cross-examination. The trial court has a wide discretion as to the scope and course of the cross-examination. An Appellate Court will not review the discretion, unless it is apparent that it has been abused. The questions here proposed were intended to show the interest of the witness in the case, and were proper.

The appellant also complains of the action of the court in permitting the appellee to give certain evidence on rebuttal, which should have been given in chief. This was also a discretionary matter with the trial court. The appellant had an opportunity to meet it if he so desired. *Noblesville Gas, etc., Co.* v. *Teter*, 1 Ind. App. 322.

The appellee exhibited to one of its witnesses, Dr. Pirtle, a piece of pasteboard, and asked him to state whether or not it was of good quality for bandaging purposes. The appellant objected to the question. The court permitted the answer, on condition that the appellant would subsequently show that the pasteboard used by the appellant in bandaging the wound was the same as that exhibited. Immediately upon the conclusion of this witness' testimony, the appellant moved to strike out the answer given. One of the reasons for the motion was that the plaintiff had rested his evidence in chief. At the time this motion was made, the appellee had not yet had an opportunity to give evidence that the pasteboard exhibited 'was the same as that used. The fact that the plaintiff had ceased to give evidence in chief did not deprive him of the right to give other evidence in chief. This was a

matter within the discretion of the trial court. There was no error in overruling this motion.

Another cause for a new trial was that of newly-discovered evidence. A careful examination of the affidavits bearing upon this case, convinces us that the evidence would not probably have produced a different result. Unless the newly-discovered evidence would have probably produced a different result, or in any way influenced the verdict, a new trial should not be granted for such cause. *Flemig* v. *McClaflin*, 1 Ind. App. 537; *Jackson* v. *Swope*, 134 Ind. 111.

The appellant insists that the verdict is contrary to the law. Careful consideration of the evidence convinces us that there is some evidence which tends to support every material fact necessary to support the verdict.

Complaint is also made of the action of the court in giving certain instructions on its own motion, and of the refusal of the court to give certain instructions asked by the defendant. It is a familiar rule, that instructions given must all be considered together. When the instructions given in this case are so considered they fairly present the law as applicable to the evidence. There is no error in refusing to give an instruction when the substance of such instruction is embraced or contained in another given by the court. The instructions refused were substantially covered by those given. When the instructions are considered as a whole, we are of the opinion that they were as favorable to the appellant as the facts warranted, and that he has no just grounds for complaint on account of the instructions given or those refused.

We find no reversible error in the record.

Judgment affirmed.

Filed March 3, 1886; petition for rehearing overruled June 18, 1896.