(No. 13714.—Reversed and remanded.)

THE OLD BEN COAL CORPORATION, Plaintiff in Error, *vs.* INDUSTRIAL COMMISSION *et al.*—(WILLIAM TUCKER, Defendant in Error.)

*Opinion filed February 15, 1921.*

1. WORKMEN'S COMPENSATION—*claimant's testimony as to per cent of loss of earning capacity is incompetent.* The opinion of an injured employee as to the per cent of loss of his former earning capacity sustained by him is not competent.

2. SAME—*commission cannot ignore testimony as to earnings since injury.* In determining what per cent of loss of former earning capacity an injured employee has sustained the Industrial Commission cannot ignore the evidence as to what he has earned since his injury, and the finding of the commission must be based upon competent evidence and not on conjecture or surmise.

3. SAME—*when finding of fifty per cent loss of earning capacity is unauthorized.* A finding that an injured employee whose average weekly wage before his injury was $26.53 has sustained a fifty per cent reduction of his earning capacity is not authorized, where the only competent evidence on the question is that he has earned about $18 or $20 a week since going to work in another employment after his injury.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. C. H. MILLER, Judge, presiding.

W. H. HART, and W. W. HART, for plaintiff in error.

A. W. KERR, J. B. LEWIS, and A. C. LEWIS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, William Tucker, on the 12th day of January, 1919, while employed in plaintiff in error's mine laying a switch on the main line track, received an injury to his back. It is stipulated that the parties were operating under the Workmen's Compensation act; that the injury arose out of and in the course of Tucker's employment; that he was incapacitated from doing any work from the 12th of January, 1919, the date of the injury, until the 24th of March, 1919, at which time he secured employment in a garage, and that his average weekly wage prior to the injury was $26.53,—leaving nothing in dispute but the extent of his injuries and the amount of compensation to be paid therefor. A hearing was had before the arbitrator July 7, 1919. The petitioner was awarded $14 per week for a period of nine weeks for temporary total incapacity for work. A petition for review of the decision of the arbitrator was filed with the Industrial Commission by Tucker on the ground that the amount of the award was not such as is provided by law. Hearing upon review before that body was held on the 30th day of October, 1919. The commission found that the average annual earnings of the applicant during the year preceding the accident were $1380 and the average weekly wage $26.53. It also found that the applicant was temporarily totally incapacitated for work for a period of ten weeks, and awarded compensation at the rate of $14 per week for and during nine weeks.

He was also awarded an additional compensation for a period of 407 weeks or until the disability ceased, not to exceed 407 weeks, the sum of $7.20 per week, or sixty per cent of the difference in his earning capacity before and after the injury, he having two children under the age of sixteen. This finding was confirmed by the circuit court, and the case was brought to this court on writ of error.

It is not contended that defendant in error did not sustain partial permanent disability through injury to his back. The only contention on the part of plaintiff in error is that the compensation awarded for partial permanent disability is excessive. It contends that the only testimony with reference to partial permanent disability was that given by defendant in error, over the objection of plaintiff in error, that he had lost fifty per cent of his personal efficiency as a worker in coal mines, and that there is no other testimony to substantiate this claim nor to substantiate the award of the commission of $7.20 per week for a period of 407 weeks; that the measure of compensation in cases of partial permanent disability is the difference between the earnings of the injured person before the injury and what he is able to earn at some other suitable pursuit after the injury, and not the difference in his ability to labor.

Defendant in error testified that he was able to earn about $18 or $20 per week since his injury and that he had earned the sum of $518. The record is not clear as to whether or not he testified that he had earned that sum between the time he went to work on March 24, 1919, and October 30 of that year,—the date of the hearing before the Industrial Commission,—or whether, as contended by plaintiff in error, he earned that amount after the hearing before the arbitrator on July 7. It is evident from all his testimony that he referred to the amount he had earned since beginning work on March 24. He testified that he was being paid for his work in the garage the sum of fifty cents an hour and that he worked not to exceed three-

fourths of the time. Computation would show that at that rate the sum of $518 earned would more nearly approximate a period of service from March 24 to October 30.

The applicant was allowed to testify before the arbitrator, over objection, that he had lost fifty per cent of his earning capacity. On the hearing before the commission he was asked, without objection, if he had testified before the arbitrator that he had lost fifty per cent of his earning capacity. Defendant in error now contends that not having objected to this testimony before the commission plaintiff in error is precluded from urging objection to it now. His testimony before the commission in this regard was evidently no more than a reference to the testimony before the arbitrator, and we are of the opinion that the objection was properly in the record. It has been many times decided that testimony of this character on the part of the applicant is not competent.

But it is urged on the part of the defendant in error that even admitting this to be incompetent testimony there is sufficient competent testimony in the record to sustain the finding as to his present earning capacity. As we have seen, the record shows that prior to the injury the defendant in error earned an average of $26.53 per week. The Industrial Commission fixed his present earning capacity at $14.52, which is $12.01 less than he was able to earn prior to the accident. It is evident that this could not have been based upon the testimony concerning what the defendant in error has actually earned since his injury, as that testimony showed he earned $18 per week after the injury. Under the rule in this State, however, the commission is not limited to evidence of the amount actually earned after the injury. Other matters than the amount earned may be considered. (*O'Callaghan* v. *Industrial. Com.* 290 Ill. 222.) The testimony showed that there has been a reduction in the ability of the defendant in error to work. He testified that he is unable to lift more than fifty pounds, whereas

before his injury he could lift two hundred pounds; that his left hip seems stiff in walking; that his back is stiff and pains him if he attempts to lift anything from the floor, and that in his employment in the garage others do the lifting in connection with his work.   This testimony is competent to be considered in the matter of determin-. ing the present earning ability, but there is nothing in the testimony nor in the record which shows or tends to show the quantum of the reduction, aside from the testimony of the defendant in error that his earning capacity has been reduced fifty per cent.   While, as we have stated, the amount actually earned since the injury is not conclusive in the matter of determining the reduction of earning capacity, yet where it is the only competent evidence in the record tending to show the extent of the reduction in earn- ing capacity it is error on the part of the commission to ignore it.   While the commission is to be allowed latitude in determining from the condition of the applicant and the circumstances of his employment subsequent to his injury what reduction, if any, in his earning capacity has taken place, yet in determining that reduction the award must rest on competent legal evidence and not on conjecture or sur- mise.   (*Peoria Cordage Co.* v. *Industrial Board,* 284 Ill. 90; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.)   Considering defendant in error's evidence aside from his incompetent statement that his earning capacity has been reduced .fifty per cent, and taking his average weekly wage before the injury as $26.53, as stipulated, it will be seen that his tes- timony that after the injury he is receiving the sum of $18 per week, considered with his description of his physical condition since his injury, does not form a sufficient basis in legal evidence for the finding of the commission that his present earning capacity has been reduced to $14.52 per week.   We are of the opinion, therefore, that the finding of the commission is not justified by the evidence.

The judgment of the circuit court confirming the award will be reversed and the cause remanded to that court, with directions to remand the same to the Industrial Commission for a finding in accordance with the views herein expressed, or for the taking of further testimony, if the defendant in error be so advised.

*Reversed and remanded, with directions.*