Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of J. SCHEMERHORN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GENERAL ELECTRIC COMPANY, Employer and Self-Insurer, Appellant.

Third Department, March 2, 1921.

Workmen's Compensation Law — specific schedule — State Industrial Commission has no power to make award for injury in excess of proportionate loss fixed by medical testimony solely upon deputy's examination — loss of use of member is question for those having expert knowledge — section 15 construed.

In proceedings for compensation for a specific injury the State Industrial Commission may not disregard the medical testimony in the case as to the proportionate loss sustained and make an award for an amount in excess of such proportionate loss so found merely on the personal examination and statements made by the deputy commissioner.

The Workmen's Compensation Law, section 15, relating to compensation for specific injuries, nowhere delegates to the Commission the power arbitrarily to determine the proportionate loss of the use of a member, and such power cannot be presumed to have been granted, for the constitutional requirement of due process of law contemplates the protection of life, liberty and property of the citizen against the acts of mere arbitrary power in any department of the government.

*It seems,* that proceedings for compensation for the proportionate loss of the use of a member present a question which those having expert knowledge alone can answer.

JOHN M. KELLOGG, P. J., and H. T. KELLOGG, J., dissent, the latter in part.

APPEAL by the defendant, General Electric Company, from a decision and award of the State Industrial Commission, made on the 17th day of June, 1920.

*Richmond Moot,* for the appellant.

*Charles D. Newton, Attorney-General* [*Bernard L. Shientag,* counsel to State Industrial Commission, and *E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

There is no dispute that the claimant was injured in the course of his employment in a manner to entitle him to compensation. The accident occurred on the 14th day of June, 1919. The injury is described as a " contused and lacerated right wrist," and the only question presented upon this appeal is whether the Commission may make an award for an injury in excess of the proportionate loss fixed by the testimony of the physicians, upon the personal examination by one of the commissioners. The greatest possible loss of use of the hand, due to the injury to the wrist, was placed at thirty-three and one-third per centum by the physicians, ranging from that down to twenty-five per cent. There is no testimony before the Commission from which any greater loss of use may be found. Deputy Commissioner Boyle has, however, made a personal examination of the claimant's hand and, ignoring the testimony of the physicians, has fixed it at forty per centum. None of the facts on which this determination is made rests upon sworn testimony; it is all based upon the statement of this deputy commissioner. He says: " The claimant in this case has been before me and examined by me seven or eight times since July 23, 1919, and I have found on all examinations a marked loss of gripping power in the right hand, which has not in my opinion improved although there has been some improvement in the condition of coldness and perspiration which has been present in the hand. I find that this loss of power of the hand is equivalent to 40 per cent of the useful function of the hand and I make an award for 97.6 weeks at $20 per week."

Various hearings were had in reference to this case, and counsel insisted that the award be confined to the limits fixed by the testimony, but the Commission has ratified the award, and we are asked to determine upon this appeal whether the Commission may fix the extent of injuries without regard to the evidence in the record. In condemnation proceedings,

where the commissioners are authorized to view the premises, and to take into consideration the evidence in connection with such view, it is probably true that the commissioners are not bound by the testimony of witnesses as to the value of the property taken, though it would be rather an extraordinary case where the commissioners would be justified in making an award in excess of the estimates placed upon the values by witnesses testifying in behalf of the parties interested. But in these compensation cases, where the question of the extent of the injuries depends upon highly technical knowledge, no good reason suggests itself why the Legislature should have contemplated such action as is here under consideration. The statute does not authorize the Commission to view an injury and determine its extent. Subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705)* particularly specifies the extent of the injuries to be compensated by particular allowances, and then provides that " for the partial loss or the partial loss of the use of a hand, arm, foot, leg or eye, compensation therefor may be awarded for the proportionate loss or proportionate loss of the use of such hand," etc., but it nowhere delegates to the Commissioner the power to arbitrarily determine the proportionate loss, and such a power cannot be presumed to have been granted, for the constitutional requirement of due process of law contemplates the protection of the life, liberty and property of the citizen against the acts of mere arbitrary power in any department of the government. (U. S. Const. 14th Amendt. § 1; State Const. art. 1, §§ 6, 19; *Westervelt* v. *Gregg,* 12 N. Y. 212; *Bertholf* v. *O'Reilly,* 74 id. 509, 519.) Section 65 of the act provides that " each commissioner and deputy shall, for the purposes of this chapter, have power to administer oaths, certify to official acts, take depositions, issue subpœnas, compel the attendance of witnesses and the production of books, accounts, papers, records, documents and testimony." These powers all contemplate the bringing before the Commissioners of the necessary facts for the determination of the questions involved, not to usurpation of the power to determine from a mere personal examination questions which legitimately belong to

---

* Since amd. by Laws of 1920, chaps. 532, 533.— [Rep.

the field of expert testimony. Section 68 provides that the Commission " in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties." It is, however, provided in section 20 (as amd. by Laws of 1919, chap. 629) that " upon a hearing pursuant to this section either party may present evidence and be represented by counsel," and this, of course, contemplates that the evidence actually produced must be taken into consideration, and that counsel shall have the rights customarily exercised by counsel; shall have the right to cross-examine the witnesses, and to have all the evidence upon which the Commission acts spread upon the record. This is necessary to the appeal provided for in section 23 of the act (as amd. by Laws of 1917, chap. 705), and the court in *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435) says that there " ' must be in the record some evidence of a sound, competent and recognizedly probative character to sustain the findings and award made, else the findings and award must in fairness be set aside by [the] court.' "

There is clearly no evidence in this record of a sound, competent and recognizedly probative character to sustain the finding that the claimant's hand was injured to the extent of forty per cent of its capacity; there is merely the conclusion of a deputy commissioner, unsustained by any evidence in the record. He does not lay before this court the groundwork of fact on which his conclusion is based; he was not sworn, was not subjected to examination or cross-examination. So far as the record goes it appears that his conclusion was reached after the hearing was closed, and without any one knowing that he contemplated making any personal examination of the claimant.

The award should be reversed and the case returned to the Commission for a determination upon the evidence which appears in the record.

All concur, H. T. KELLOGG, J., in result on the ground that the loss of use presented a question which those having expert

knowledge alone could answer; and does not agree that the Commissioner is not in other cases entitled to use the evidence of his senses to make a determination, except John M. Kellogg, P. J., dissenting.

Award reversed and matter remitted to the Commission for further action.