STUDEBAKER CORPORATION v. WARNER.

[No. 11,111. Filed October 28, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Disability.—Burden of Proof.*—Under §31, cl. c. of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), as amended by Acts 1919 p. 158, providing that for the permanent partial loss of the use of the arm, leg, etc., compensation shall be paid for the proportionate loss of the use thereof, the burden of proving proportionate loss is upon the injured workman, and such burden must be discharged by evidence amounting to more than mere guess or conjecture. p. 517.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award for Partial Loss of Use of Leg.—Evidence.—Sufficiency.*—An award under §31, cl. c., of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), as amended by Acts 1919 p. 158, for the permanent loss of one-third the use of a leg, *held* not sustained by sufficient evidence, where the only proof of such loss was the observation by the members of the Industrial Board of the injuries and the manner in which claimant walked, since the amount of loss was not a reasonable inference to be drawn from such evidence, but was a mere conjecture. p. 517.

From the Industrial Board of Indiana.

Application by the Studebaker Corporation for review of a compensation agreement with Frank Warner, an employe. From the award made, the applicant appeals. *Reversed.*

*J. F. Cotter* and *E. W. Strickland,* for appellant.
*Thomas W. Slick,* for appellee.

REMY, J.—Appellee, claiming that he had received injuries by reason of an accident arising out of and in the course of his employment by appellant, filed with the Industrial Board an application for compensation. An agreement between the parties as to compensation was filed with, and approved by, the board on September 30, 1920, by the terms of which appellee was to receive $13.20 per week for the period of his total disability,

commencing August 20, 1920. In accordance with this agreement compensation was paid without objection until February 4, 1921, at which time appellant filed with the Industrial Board an application for review on the ground of changed conditions. In a hearing, the board, by a majority of its members, found that on August 12, 1920, appellee was in the employ of appellant at an average weekly wage of $45.36, on which day appellee in the course of his employment received an injury of which appellant at the time had knowledge; that as a result of the injury appellee was wholly disabled from work nine and three-sevenths weeks, and had permanently lost one-third of the use of his left leg. Upon this finding, the board by a majority of its members ordered that appellee be awarded sixty-six and two-thirds weeks compensation, commencing August 20, 1920, excepting a credit of $109.36 already paid.

It appears from the evidence that a small piece of steel thrown from machinery was imbedded in the thigh of appellee's left leg resulting in his injury; that unsuccessful efforts by surgeons were made to remove the piece of steel; that when appellee walks he has a peculiar turn or twist of his foot caused by the weakened condition of a muscle; that there is no paralyzation, and no loss of sensation, but that the disability which was caused by the injury is permanent. It also appears that at the time of the hearing, at the suggestion of the members of the board, and in their presence, appellee exhibited his injured leg and walked across the room.

It is the contention of appellant that there is no evidence to sustain the finding of the board that appellee had permanently lost "one-third of the use of his left leg," and that the award is, therefore, contrary to law. This is the only question presented by the appeal.

The award in this case must be sustained, if at all, under clause (c) of §31 of the Workmen's Compensation

Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended (Acts 1919 p. 158), which provides:

"For the permanent partial loss of use of an arm, hand, thumb, finger, leg, foot, toe or phalange, compensation shall be paid for the proportionate loss of the use of such arm, hand, thumb, finger, leg, foot, toe or phalange."

It will be observed that under this statute the amount of compensation to be allowed for a partial loss of a member is fixed by the proportionate loss of the

1. use thereof. The statute does not give the Industrial Board authority to fix the amount of compensation except as it may do so from the evidence. The proportionate loss of use of appellee's leg was, therefore, an essential fact to be found by the board. The burden of proving this fact was upon appellee; and as was stated by this court in *Union Sanitary Mfg. Co. v. Davis* (1917), 63 Ind. App. 548, 114 N. E. 872, "the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise or possibility." The board was, of course, authorized to draw reasonable inferences from facts established by the evidence.

There is in the evidence no reference to the proportionate loss of use of appellee's leg. If appellee by reason of his injury lost any percentage of the use

2. of his leg, appellant can only be required to pay compensation therefor by proof of the percentage of loss. At the hearing, appellant was entitled to be confronted with the evidence on that issue, be permitted to cross-examine the witnesses, and to submit evidence in rebuttal. It is urged by appellee that in as much as the members of the board at the hearing observed his injuries and the manner of his walk, they might infer that he had lost thirty-three and one-third per cent. of the use of his leg. We cannot concur in this view. That

appellee suffered a loss of thirty-three and one-third per cent. of the use of his leg is not a reasonable inference to be drawn from the evidence. It would be a mere conjecture. An inference must rest upon a premise of fact. It follows, that the award is not sustained by sufficient evidence.

On the question involved in this appeal the following workmen's compensation cases are instructive: *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832; *Schermerhorn* v. *General Electric Co.* (1921), 186 N. Y. Supp. 835; *Old Ben Coal Corp.* v. *Industrial Commission* (1921), 296 Ill. 229, 129 N. E. 772; *Modra* v. *Little* (1918), 223 N. Y. 452, 119 N. E. 853; *Clapp's Parking Station* v. *Industrial Accident Commission* (1921), (Cal.) 197 Pac. 369. See also, *Ewing* v. *Goode* (1897), (C. C.) 78 Fed. 442.

The award is reversed with instructions to the Industrial Board to grant a rehearing.