## STUDEBAKER CORPORATION *v.* WARNER.

[No. .11,419.   Filed October 6, 1922.]

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Frank Warner against the Studebaker Corporation. ' From an award for applicant, the defendant appeals. *Affirmed.*

*John F. Cotter* and *E. W. Strickland,* for appellant.
*Thomas W. Slick,* for appellee.

NICHOLS, P. J.—This is the second appeal in this case, the opinion in the first appeal being reported 76 Ind. App. 515, 132 N. E. 604. The award of the Industrial Board was there reversed because it was not sustained by sufficient evidence, there being no evidence of the proportionate loss of the use of the appellee's leg.

The evidence heard at the first trial was by order. of the board made a part of the evidence at the second trial and in addition thereto there was evidence showing that appellee had lost 75 per cent. of the use of his left leg.   Upon such evidence the Industrial Board found that appellee had lost 75 per cent. of the use of his left leg and awarded him compensation against appellant for 150 weeks, giving credit to appellant for $109.36 which it had already paid.   There is sufficient evidence to sustain this finding and award.   There was no error in overruling appellant's motion for a continuance but even if there were appellant was not harmed thereby.   Section 8020k1 Burns' Supp. 1921, Acts 1915 p. 392, provides that an employe shall submit himself to an examination, if requested, at reasonable times and places by duly qualified physicians and surgeons designated and paid by the employe or Industrial Board.   During the progress of the trial appellee submitted himself to physical examination by a physician who had been theretofore employed by appellant, and he was assisted in such examination by a physician who devotes his entire time to the medical service of appellant corporation. But, though the latter was present during the progress of the trial, for some reason appellant failed to call him to testify.   We find no reversible error.   The award of the Industrial Board is affirmed.