(No. 15300.—Reversed and remanded.)

THE GROVELAND COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH GETZ, Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*an award must be supported by evidence.* An award of the Industrial Commission cannot be sustained unless it is supported by a preponderance of the competent evidence in the record.

2. SAME—*what must be shown to justify an award under paragraph (d) of section 8 of Compensation act.* To justify an award under paragraph (d) of section 8 of the Compensation act the claimant must show that the injury left him permanently partially incapacitated from pursuing his usual and customary line of work and that he is not earning or is not able to earn as much as he earned before he was injured, as the object of this section of the statute is to compensate the employee for his reduced earning capacity, but any change in the wage scale should be considered in determining whether there has been a decrease in earning capacity.

3. SAME—*when award for reduced earning capacity is not supported by evidence.* On a hearing under paragraph (d) of section 8 of the Compensation act the Industrial Commission should require proof of the actual earnings of the employee for substantial periods before the accident and after he returns to work, or, in the event he does not return to work, proof of what he is able to earn in some suitable employment; and where such proof shows that the employee is actually earning more per week since his return to work an award cannot be given under said section.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

JOHN E. CASSIDY, for plaintiff in error.

KERR, MURPHY & LONDRIGAN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

July 20, 1920, Joseph Getz was injured while employed as a driver and timberman in the mine of plaintiff in error. He was caught between a coal car and a timber in the mine

and two of his ribs were broken and he was otherwise bruised about the chest and back. He was totally incapacitated for twenty-seven days and full compensation was paid for this period. He returned to work at the same mine August 16 and was still employed by the company when the award involved here was made, September 28, 1921. The sole question in controversy is the per cent of loss of earning power, if any, sustained by Getz by reason of his injury. The arbitrator who heard the evidence found that there was no loss of earning power and denied compensation for partial incapacity. On review the Industrial Commission ordered compensation to be paid during a "period of 380 weeks at the rate of $2.50 per week, compensation payments to start April 1, 1921, for the reason that as a result of said accidental injury applicant has been partially incapacitated from his usual line of employment, $2.50 being fifty per cent of the difference between what he was able to earn prior to the accidental injury and what he is now able to earn in the same employment." The circuit court of Peoria county confirmed this decision on review, and by leave this writ of error is prosecuted to review the judgment of the circuit court.

An award of the Industrial Commission cannot be sustained unless it is supported by a preponderance of the competent evidence in the record. (*Inland Rubber Co.* v. *Industrial Com. ante,* p. 43.) Before an award under paragraph (*d*) of section 8 is justified, the claimant must show, among other things, that the injury left him permanently partially incapacitated from pursuing his usual and customary line of employment, and that he is not earning, or is not able to earn, as much as he earned before he was injured. The amount the injured employee is able to earn, within the meaning of the language of the act, will never be less than he actually earns. (*Mt. Olive and Staunton Coal Co.* v. *Industrial Com.* 301 Ill. 521.) If he is employed and is receiving compensation after the accident it is easy to ascer-

tain what he "is earning." If the employee is making an honest effort to work and the evidence shows that he is actually earning what he is able to earn but that it is less than he earned before his injury, then a fair award for the partial disability he has suffered would be the statutory percentage of the difference between the average amount he actually earned before his injury and the average amount he is actually earning since his injury. Where there has been a change in wage scale, that should be taken into consideration by the commission in determining whether there has been a decrease in earning capacity. The object of this section of the statute is to compensate the injured employee for his reduced earning capacity, and if the injury does not reduce his earning capacity he is not entitled to compensation. There is no intent expressed in the statute to allow compensation for pain and suffering. The phrase, "or is able to earn in some suitable employment or business," was added to the section to prevent a person from loafing or refusing to work in order to collect compensation. Where the injured employee is not employed, then it becomes material to determine what he is able to earn at some suitable employment. (*Voight* v. *Industrial Com.* 297 Ill. 109.) On a hearing under this section the commission should require proof of the actual earnings of the employee for a substantial period before the accident and of the actual earnings of the employee for a substantial period after he returns to work after the accident, or in the event he has not returned to work since the accident, proof of what he is able to earn in some suitable employment or business. The finding of a difference in earning capacity must find support in the evidence heard or it cannot be confirmed. *Old Ben Coal Corp.* v. *Industrial Com.* 296 Ill. 229; *Kanawha Fuel Co.* v. *Industrial Com.* 300 id. 608.

It was stipulated that Getz earned in the year previous to his injury $1500, or an average of $28.85 a week. This stipulation is binding on both parties. (*Ward & Co.* v. *In-*

*dustrial Com.* 304 Ill. 576.)    Proof was introduced which showed an actual earning of $728.90 for the twenty weeks previous to the injury, or an average of $36.44 a week. For a period of eighteen weeks after the injury and prior to the hearing before the arbitrator Getz received as wages $736.86, or an average of $40.94 a week. This evidence of wages actually received shows that the average weekly earnings after the accident were $4.50 in excess of the average weekly earnings over a similar period before the accident. The actual earnings after the accident were $12.09 a week in excess of the average weekly wage earned during the year previous to the accident. Work in the mine of plaintiff in error was so unsteady during the first half of 1921 that it is difficult to ascertain with any degree of certainty the earning capacity of Getz during that period. His earnings were as follows:   January, $85.99;  February, $58.91;  March, $94.95;  April, $11.39;  May, $44.03; June, $103.79;  July, $86.24;  August, $132.55. The record does not show how much time he was actually employed or the cause of his failing to be employed full time. It will be noted that in June, 1921, eleven months after he was injured, his average weekly wage was $25.95, and in August, thirteen months after he was injured, he averaged over $33 a week. In August, 1921, the mine was operating about two-thirds of the time. The first half of the month Getz worked nine days and received $62.55, which was approximately $7 a day. In February, 1921, the mine worked only six days and Getz made $58.91, or more than $9 a day. Without further analysis this illustrates that Getz was actually receiving more compensation during the time he was employed after he returned to work at the close of the period of temporary incapacity than he received before he was injured.

It is not possible for us to determine by what process of reasoning the commission found that the period of the partial incapacity of Getz began April 1, 1921, which is

about nine months after the date of the injury and about six months prior to the date of the award. There is no evidence whatever of any change in the physical condition of Getz at this particular time. It is also manifest that the award of $2.50 a week for 380 weeks is guesswork. By no method of calculation can this figure be fixed from the evidence in this record. Getz says the injury reduced his capacity for work. Whether an award will be justified in this case when a full hearing is had in accordance with the views herein expressed cannot be determined on this record.

The judgment is reversed and the cause is remanded to the circuit court of Peoria county, with directions to set aside the award of the commission and remand the cause for further hearing.

*Reversed and remanded, with directions.*

---

(No. 15283.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GERALD BOSTON, Plaintiff in Error.

*Opinion filed June 20, 1923.*