INDIANA LIMESTONE COMPANY *v.* STOCKTON.

[No. 13,287.   Filed October 3, 1928.]

*Slaymaker, Turner, Merrell, Adams & Locke* and *Glenn F. Findley*, for appellant.

*John F. Regester*, for appellee.

ENLOE, P. J.—On May 27, 1927, the appellee, while working for the appellant, received a personal injury, by accident arising out of and in the course of his employ-ment with the appellant.   The appellant does not deny its liability to pay compensation, but insists that the Industrial Board erred as to the amount of compensation to be awarded.

The appellee was injured by being struck in the right eye by a piece of steel which so lacerated the eyeball that its removal became at once necessary and it was so removed. The board, upon the hearing found, *inter alia*, that the appellee had permanently lost the sight of his right eye, for which specific injury, they awarded compensation at $16.50 per week for 150 weeks under the provisions of clause "f," of §31 of our compensation act. It also found that, by reason of the enucleation and removal of the ball of said eye, the appellee had suffered a permanent disfigurement, which would impair his future usefulness and ability to maintain himself, and, for this impairment, they awarded an additional fifty weeks compensation. It is of this latter item of the award that the appellant complains.

The Industrial Board found, among other things, that "even if the plaintiff shall supply an artificial eye, the permanent disfigurement will not and cannot be eliminated thereby; that the furnishing of such artificial eye is not permanent; that, barring accidental and natural breaking of the eye, it is necessary to replace the same at intervals ranging from six to twenty-four months; that the reasonable cost of a proper eye is $20; that reasonable prudence is required of the patient to have on hand more than one artificial eye at all times; that the enucleation of the eye requires constant treatment of the eye socket." These findings are well supported by the evidence.

As a result of the said injury, the appellee lost not only the *sight* of his right eye, but he suffered, as a result thereof, a disfigurement of such a character that his opportunity for future usefulness and earning capacity was thereby impaired, and he was also placed in a condition so that his future personal comfort required that the socket from which said eyeball was removed be constantly treated and cleansed, and also that he be at

constant expense in the matter of procuring artificial eyes. While these results may, in a sense, be said to be, each and all, the result of the said eyeball being cut by the said piece of steel, yet they, as to their effect upon the appellee, are so distinct as to constitute, under the liberal construction which we must place upon our Compensation Act, as to become severally, the basis for separate awards. A reading of the evidence impresses us that the Industrial Board, in awarding fifty weeks compensation for the said disfigurement, was very modest, as the statute authorized the board, in its discretion, to award compensation for not exceeding 200 weeks.

The award as made is affirmed.