CENTRAL INDIANA COAL COMPANY *v.* MEEK.

[No. 14,303. Filed August 11, 1931.]

*Cooper, Royse, Gambill &. Crawford,* for appellant.
*John A. Riddle,* for appellee.

NEAL, C. J.—This is an appeal from an award of the Industrial Board, allowing compensation to appellee for loss of use of an eye and for disfigurement caused by enucleation of the same eye. The error assigned is that the award is contrary to law in that it allows compensation for disfigurement in addition to the award for loss of sight of the eye.

It is not controverted that appellee received the injury by accident arising out of and in the course of his employment with appellant. Therefore, we set out only so much of the award as is objected to, to wit: "The Board further finds that plaintiff is entitled to compensation at the rate of $10.54 per week for a period of 150 weeks for the total loss of vision of his left eye as a result of said accidental injury. The Board finds that, as a result of the enucleation of the plaintiff's left eyeball, his eye and face has suffered a permanent disfigurement, which will impair his future usefulness and opportunities and he is entitled to a specific award for said *disfigurement, in addition to the compensation to which he is entitled for the loss of vision of his left eye, for 50 weeks at the rate of $10.54.*" (Our italics).

The portion of the Workmen's Compensation Law, Acts 1929 p. 537, §31, applicable to this case, is as follows: "For injuries in the following schedule, the employee shall receive, in lieu of all other compensation,

on account of said injuries, a weekly compensation of fifty-five per cent of his average weekly wages for the periods stated for said injuries respectively, to wit: . . . (f) For the permanent loss of the sight of an eye or its reduction to one-tenth of normal vision with glasses, one hundred and fifty weeks, and for any other permanent reduction of the sight of an eye, compensation shall be paid for a period proportionate to the degree of such permanent reduction. . . . (i) In all cases of permanent disfigurement which may impair the future usefulness or opportunities of the employee, compensation, in the discretion of the Industrial Board, not exceeding two hundred weeks, *except that no compensation shall be payable under this paragraph where compensation is payable under paragraphs (a) to (h) inclusive of section 31.*" (Our italics.)

Appellant contends that so much of the award herein quoted is in conflict with that portion of §31, quoted above. This contention is well founded. The act of 1929, *supra,* amended §31, as it existed before that time, by adding the excepting clause in paragraph (i) set out in italics in the above quotation, and it is clear that the purpose was that no compensation for permanent disfigurement, as provided under paragraph (i), should be paid where compensation was payable under paragraphs (a) to (h) inclusive. The Industrial Board allowed compensation under paragraph (f), and, paragraph (f) being included between paragraphs (a) to (h), that portion of the award allowing compensation for disfigurement under paragraph (i), in addition to the compensation awarded under paragraph (f) is, therefore, contrary to law.

It will be noted that the award is within the language of paragraph (i) and provided for compensation for disfigurement *in addition to the compensation to which he was entitled for loss of vision of the eye.* Paragraph

(h) provides a number of weeks for the loss of the sight of an eye, that number being 150 weeks, and the Industrial Board has granted compensation in accordance with that provision, but it is prohibited from granting any additional amount under paragraph (i) because of a disfigurement. Appellee's citation of the case of *Indiana Limestone Co.* v. *Stockton* (1928), 88 Ind. App. 22, 163 N. E. 27, is not well taken, as that case arose under the law as it existed before the enactment of the present law in 1929 (Acts 1929 p. 537), amending §31.

Award reversed, with instructions to enter an award for 150 weeks only, and to vacate that portion of the award providing for 50 weeks additional compensation for disfigurement.