CALUMET PAVING COMPANY *v.* BUTKUS.

[No. 17,075.   Filed April 5, 1943.]

*E. A. Heffner* and *Ross, McCord, Ice & Miller,* all of Indianapolis, for appellant.

*Hodges, Ridgely & Davis,* of Gary, for appellee.

DRAPER, J.—The appellee as the result of an accidental explosion of dynamite, lost the vision of his left eye, which was later enucleated. There was imbedded in his face and neck three hundred fifty to four hundred specks of earth of varying sizes, three of them in the ball of his right eye, and several hundred such specks on the left wrist and right forearm. The specks impart a bluish cast to the skin. The vision of the right eye is unimpaired.

The Industrial Board awarded compensation for one hundred fifty weeks on account of the loss of the eye and in addition thereto awarded compensation for seventy-five weeks on account of the permanent disfigurement of the face, neck and forearms, beginning at the end of the compensation period for the loss of the eye, and further ordered that the appellant have credit for all amounts theretofore paid on account of the accidental injury.

The board based its award on paragraphs (f) and (i) of Section 31 of the Workmen's Compensation Act of Indiana (§ 40-1303, Burns' 1933), and the appellant insists that the award could properly be based only on paragraph (h) thereof.

The appellee suffered no injury or combination of injuries compensable under paragraph (h) of Section 31. The only permanent partial impairment suffered by the appellee in this accident was the loss of his left eye, which loss is compensable under paragraph (f) of Section 31 of the Act. Compensation being payable for the loss of the eye under paragraph (f), he could receive nothing under para-

graph (i) for disfigurement incidental thereto. *Central Indiana Coal Co. v. Meek* (1931), 93 Ind. App. 9, 177 N. E. 332. Not having received any injuries defined by or compensable under any paragraph of the section preceding paragraph (i) except paragraph (f), but having nevertheless received other injuries resulting in permanent disfigurement, he could receive compensation under paragraph (i) for such permanent disfigurement, being the disfigurement caused by the specks in his face, neck, arms and right eye, providing the same impair his future usefulness or opportunities, and from the total award the appellant is entitled to credit for the compensation previously paid.

After appellee filed his application for compensation which alleges the loss of the eye and the permanent disfigurement of face and body, compensation for eighty-eight weeks on account of temporary total disability was paid appellee under an approved agreement. Thereafter the appellant filed its application for review of award on account of a change in conditions, which alleges:

"That the disability of said employee on account of said injuries has ended since the date of the last award.
"That said injuries have resulted in a permanent partial impairment."

He contends that the board could not properly consider the question of permanent disfigurement under the issue raised and on the hearing objected to the admission of any evidence pertaining thereto. At the very outset of the hearing, however, and before making any such objection, the appellant agreed and stipulated, among other things, "that plaintiff has . . . approximately three hundred fifty to four hundred

specks of muck and dirt of a light bluish color imbedded in the face, ranging in size from small specks to about three-sixteenths of an inch, and that there are three such specks on the ball of the right eye, and that said facial specks gives the face a bluish cast; and that there are several hundred specks of the same kind and character on the left wrist, and several hundred on the right inner forearm from the wrist up to and including the elbow." It would therefore seem that consideration of that issue was invited by both parties and the appellant cannot now justly complain.

The appellant questions the sufficiency of the evidence to sustain the award. The evidence shows that the appellee's disfigurement is permanent. That he is an experienced butcher and retail clerk and that since the accident he has been unable to obtain employment as such although he has applied for such work from several merchants, some of whom remarked about his appearance but nevertheless promised him employment which never materialized, others always being employed in his stead. Also, the appellee was produced before and observed by the board and the appellant complains that this "added no positive or competent evidence to the record," and he cites *Studebaker Corporation v. Warner* (1921), 76 Ind. App. 515, 132 N. E. 604, to the proposition that "the conclusions of the Industrial Board based upon its own examinations and observations are mere conjectures."

The rule laid down in *Studebaker Corporation v. Warner, supra,* can have no application to this case. In that case the board was required to determine the proportionate loss of use of an injured employee's leg and the court rightly held that the board could not determine that issue by observation only, but must hear evidence on that issue and the employer must be per-

mitted to cross-examine the witnesses, and submit evidence in rebuttal.

There is no class of evidence more satisfactory or convincing to fact finders than the production and inspection of the very object or person whose condition is being investigated, and the propriety of the practice, to supplement other proof, has long been recognized. "Where an issue as to personal injuries or disability is involved, the injured person may be permitted to exhibit to the jury the wound or injury, or the member or portion of his body on which such wound or injury was inflicted, at least if exhibition of the injured member is not calculated to prejudice the jury." p. 459, § 610, 32 C. J. S., and see *The Louisville, New Albany and Chicago Railway Company* v. *Wood* (1888), 113 Ind. 544, 14 ·N. E. 572, 16 N. E. 197; *Freeman* v. *Hutchinson* (1896), 15 Ind. App. 639, 43 N. E. 16; *Hess* v. *Lowrey* (1890), 122 Ind. 225, 23 N. E. 156; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Eldora Mizner, Appellee* v. *F. W. Lohr, et al. Executors, Appellants* (1932), 213 Iowa 1182, 238 N. W. 584, and it has been said in Indiana that such an inspection enables them to arrive at a more accurate knowledge of the truth than by a verbal description of the observation of others. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 60 N. E. 271. We are of the opinion that such evidence is peculiarly appropriate in a case of this kind. The permanency of the disfigurement having been established, it was proper for the Industrial Board to observe the appellee's condition and from his appearance, together with the evidence heard, to draw its conclusions as to the extent to which the disfigurement had impaired the future usefulness or opportunities of the appellee. We believe the evidence was sufficient to sustain the award.

Award affirmed and increased 5% as provided by statute.

Blessing, C. J., not participating.

NOTE.—Reported in 47 N. E. (2d) 829.