(No. 4249—

EARL FRANCIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

ROOT AND HOFFMAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER AND CHARLES H. EVANS, Assistant Attorneys General, for Respondent.

LANSDEN, J.

On January 9, 1951, an opinion was filed in this case denying claimant, Earl Francis, an award for

permanent partial disability under the Workmen's Compensation Act, because the record was lacking in proof of a differential in his earning capacity before and after the accident. However, claimant was granted an award for thirty weeks compensation, because he sustained fractures to the bodies of three vertebras in his accident, Section 8 (d) of Workmen's Compensation Act.

On March 9, 1951, we granted claimant a rehearing, and then remanded the case to Commissioner Wise for the purpose of hearing testimony on claimant's differential in earning capacity. Such hearing was held on April 30, 1951, and the case was orally argued before this Court on September 7, 1951.

In 1948, claimant was employed as a maintenance worker in the Division of Highways of the Department of Public Works and Buildings. On April 8, 1948, claimant was one of a group of men assigned to remove a dead tree from the right-of-way of State Aid Route No. 11, one mile south of Coal City, Illinois, in Grundy County. A steel cable was attached to the tree approximately 20 feet from the ground, and a truck was slowly pulling on the cable. Claimant was watching for kinks in the cable, when the truck moved faster than planned, snapping the cable upward and taut in such manner that claimant was struck in the abdomen thereby, hurled into the air, and thrown to the ground on his head and shoulders.

No jurisdictional questions are involved, and respondent has furnished and paid for all medical, hospital and surgical services, and for all appliances required to cure or relieve claimant from the effects of his accident.

The medical testimony and X-Rays in the record

show that claimant sustained fractures to the bodies of three vertebras in his back, that pre-existing arthritis in his spine was greatly aggravated, and that the injuries to his back are permanent.

Prior to his accident claimant earned $187.00 per month, or $43.16 per week. After the accident, claimant, in the opinion of this Court, displayed sincere diligence in trying to find employment, and finally did secure two different jobs, where he was able to work one-half to two-thirds of the time. His average weekly earnings in these jobs amounted to $15.26. In addition, claimant had been elected a Justice of the Peace, and, based on the fees collected by his predecessor in office, he would average $3.00 per week additional earnings. We feel that claimant has furnished figures adequate for us to calculate his differential in earning capacity, and has thereby brought himself within the rule announced in permanent partial disability cases in *Groveland Coal Mining Co.* vs. *Ind. Com.*, 309 Ill. 73; *Franklin County Coal Co.* vs. *Ind. Com.*, 398 Ill. 528. We do not feel that a claimant in a permanent partial disability case is required to exhaust every employment opportunity within a certain radius of his home, or become a migrant in his search for work, but we do feel that he must make reasonable efforts to find and hold a job, so that the rule announced in the two cited cases can operate. *Molsen* vs. *State, No. 4168,* opinion filed February 14, 1950.

Claimant is, therefore, entitled to an award under Section 8 (d) of the Workmen's Compensation Act for permanent partial disability.

Based on his rate of pay at the time of his accident of $43.16 per week, and his average weekly earning capacity of $18.26 per week subsequent thereto, a

differential of $24.90 per week is established, one-half of which is $12.45.

On the date of his accidental injury, claimant was 62 years of age, married, but had no children under 18 years of age dependent upon him for support. His rate of compensation is $12.45 per week, which must be increased by 30%, as provided in Section 8 (1) of the Workmen's Compensation Act, or a total rate of $16.18. Such payments shall commence as of April 1, 1949, the day after his employment by respondent was terminated.

Claimant was totally and temporarily disabled from the date of his accident through August 31, 1948, and for 12 additional days at various times, the last of which was May 31, 1949. He was paid total compensation of $532.28, which will have to be credited against the award hereinafter made.

Phyllis M. Cohenour, Morris, Illinois, was employed to take and transcribe the testimony at the two hearings before Commissioner Wise. Her charges amount to $54.00 and $37.50, respectively. An award is entered in favor of Phyllis M. Cohenour in the sum of $91.50.

An award is entered in favor of claimant, Earl Francis, for $5,200.00 under Section 8 (d) of the Workmen's Compensation Act, Ill. Rev. Stat., 1947, Chap. 48, Sec. 145, Par. (d), which is within the limitations prescribed in subparagraphs (b) and (h) thereof, payable as follows:

$2,119.58, less $532.28 already paid for temporary total disability, or the sum of $1,587.30, which has accrued, and is payable forthwith;

$3,080.42, which is payable in weekly installments of $16.18 per week commencing on October 12, 1951, for a period of 190 weeks, plus one final payment of $6.22.

This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.