CUSTER *v*. FOUGEROUSSE

[No. 18,396. Filed June 3, 1953.]

*William B. Weisell* and *Slaymaker, Locke & Reynolds,* of Indianapolis, for appellant.

*Thomas J. Gallagher,* of Sullivan, for appellee.

CRUMPACKER, J.—On August 26, 1947, the appellee, while in the employ of the appellant, suffered personal injuries by reason of an accident arising out of and in the course of such employment and subsequently the Industrial Board approved an agreement wherein the appellant undertook to pay the appellee compensation for temporary total disability at the rate of $16.50 per week until terminated in accordance with the provisions of the Workmen's Compensation Act. All payments were made as provided by this agreement until June 11, 1950, when the appellee's temporary total disability ended and a dispute between the parties arose concerning the extent of the appellee's permanent partial impairment as a whole man. The appellee thereupon sought a review of the above award because of changed conditions and to that end filed application with the Industrial Board by which he put in issue two questions: (1) Did he suffer a permanent partial impairment as a result of the accident of August 26, 1947, and, if so, to what extent? (2) Did he suffer permanent disfigurement as a result of said accident and, if so, is he entitled to compensation therefor in addition to compensation for permanent partial impairment? Both of these questions were resolved by the board in the appellee's favor with the following finding:

"The Full Industrial Board of Indiana now finds that the plaintiff's condition has reached a permanent and quiescent state and as a result of said accidental injury of August 26, 1947, plaintiff now has due to the injuries to his arms and legs a 40 per cent permanent partial impairment to the man as a whole, and in addition thereto, plaintiff has a disfigurement to his face and head to the extent of one hundred (100) weeks; which said disfigurement may impair the future usefulness or opportunities of said plaintiff."

The award is two hundred weeks compensation at the rate of $16.50 per week for permanent partial impairment to the man as a whole and one hundred weeks compensation at the same rate for permanent disfigurement to face and head. The appellant challenges this award for two reasons. First, he says that there is no proof which supports the board's finding that the appellee's partial impairment to the man as a whole is due to injuries to his arms and legs alone. Second, he says that an award for both permanent disfigurement and permanent partial impairment of the man as a whole is in contravention of §31 of the Workmen's Compensation Act of 1929, as amended, the same being §40-1303 Burns' 1952 Replacement, and is therefore contrary to law.

The accident which gave rise to this controversy was a flash-fire in a "grease pit" which the appellee was cleaning with gasoline. As a result he was burned severely about the head, face, arms, hands, ankles and other parts of the body. The undisputed evidence indicates that scar tissue in his nose and throat, caused by such burns, has restricted his breathing and caused a lack of tolerance to liquids with resulting vomiting. His hearing is defective and he has a blurring of his right eye. Skin was taken from his abdomen, back and thighs.

to repair burns on his face, arms and hands. The grip of both hands is weak and flexion of the fingers of his left hand is incomplete. The distal segments of all fingers on his left hand are thin and the nails are dystrophic and the distal joint of the middle finger is fixed. There is some loss of flexion in the metacarpal phalangeal joint of the right thumb and there are cicatrix scarrings about both ankles. Considering these facts Russell LaBier, a medical expert, testified that the appellee was permanently partially impaired as a whole man by 30 to 40 per centum. This evidence amply supports the board's finding that the appellee now has "a 40 per cent permanent partial impairment to the man as a whole" but we find no evidence in the record tending to prove that such impairment is due solely to injuries to his arms and legs.

Permanent injuries are compensated according to the terms of §31 of the Workmen's Compensation Act of 1929, as amended, (Burns' §40-1303) in which injuries to the various parts of the body are scheduled and the compensation allowable for each is set out. However, as Prof. Small says in his work on Workmen's Compensation Law of Indiana, §9.5: "Where the injuries are more far-reaching in their effect on the entire body, the general impairment of the body as a whole will be considered instead of the lost use of the particular members which might be involved." This procedure is warranted by schedule (b) (6) of §31, *supra*, and, the board having found that the appellee is suffering a 40 per cent impairment of the man as a whole and there being evidence in support of such finding, the fact that such impairment is attributed to injuries to arms and legs would be unimportant if additional compensation had not been allowed for permanent disfigurement of the head and face.

Schedule (b) (7) of §31, *supra,* provides as follows:

"In all cases of permanent disfigurement, which may impair the future usefulness or opportunities of the employee, compensation, in the discretion of the industrial board, not exceeding two hundred (200) weeks, except that no compensation shall be payable under this paragraph where compensation is payable elsewhere in section 31.".

The appellee contends that this portion of the statute excludes compensation only for such disfigurement as is incidental to any other scheduled injury for which he is allowed compensation. That disfigurement to his head and face could in nowise be incidental to injuries to his arms and legs which, the board found, resulted in his permanent partial impairment and therefore he is entitled to compensation for both. As justification for this contention he refers us to *Calumet Paving Co.* v. *Butkus* (1943), 113 Ind. App. 232, 47 N. E. 2d 829, wherein this court approved an award of compensation for the loss of an eye under schedule (a) (3) of §31 and additional compensation under schedule (b) (7) for permanent disfigurement that was not incidental to the eye loss. As we understand this decision it holds that when a person receives an injury compensable under any one of the schedules set out in §31 and, in addition thereto, receives injuries which are not compensable under any of said schedules but which result in permanent disfigurement he can recover for both. Such however is not the present case. Here the appellee received multiple injuries which taken all together added up to a 40 per cent impairment of the whole man for which he is entitled to compensation under schedule (b) (6) of §31, *supra,* and we know of no authority in Indiana which holds that compensation for disfigurement can be superimposed thereon in patent disregard

of the prohibition in schedule (b) (7). In the case of *Sumpter* v. *Colvin* (1934), 98 Ind. App. 453, 190 N. E. 66, the Industrial Board had awarded compensation to the appellant for a 15 per cent permanent partial impairment of· the man as a whole. He sought a review of the· award because of changed conditions resulting in permanent disfigurement. The board denied his application and upon appeal this court disposed of the contention that he was entitled to additional compensation for disfigurement by merely quoting what is now schedule (b) (7) of §31. To the same effect is *Stubbs* v. *Industrial Board* (1917), 280 Ill. 208, 117 N. E. 419, which, though not controlling, is persuasive.

We, of course, cannot concern ourselves with the wisdom or justice of legislative restriction on a workman's right to compensation for permanent disfigurement. It is conceivable that one's permanent injury, for which he receives compensation as per schedule, may be slight yet disfigurement may ruin his future "usefulness and opportunities." The remedy however is with the legislature and not the courts and a liberality of judicial construction that sets a legislative mandate to naught cannot be justified even if in harmony with the humane purposes of the act as a whole.

The award is reversed insofar as it allows compensation for permanent disfigurement and affirmed in all other particulars.

NOTE.—Reported in 112 N. E. 2d 584.