Pedro **JUSTINIANO**, Appellant–
Plaintiff,

v.

Ron **WILLIAMS**, Appellee–Defendant.

No. 93A02–0104–EX–257.

Court of Appeals of Indiana.

Dec. 28, 2001.

---

Charles R. Grahn, Grahn & Grahn, Indianapolis, IN, Attorney for Appellant.

Michael V. Gooch, Harrison & Moberly, LLP, Carmel, IN, Attorney for Appellee Ron Williams.

Mark T. Robbins, Division of Labor Studies IUPUI, Indianapolis, IN, Attorney for the Amicus Curiae Indiana State AFL–CIO.

1. IND. CODE § 22–3–1–1 to –12–5.

2. Following a work-related injury, the employee may initially be entitled to temporary total disability benefits. In accordance with I.C. § 22–3–3–8, the injured employee should

## OPINION

BAKER, Judge.

Appellant-plaintiff Pedro Justiniano appeals from the decision of the Full Worker's Compensation Board of Indiana (the Board), claiming that the Board failed to follow the dictates of our Worker's Compensation Act[1] (the Act) in determining the permanent partial impairment (PPI) benefits[2] he should have received following his work-related injury. Specifically, Justiniano asserts that the Board erroneously concluded that his permanent impairment related to the body "as a whole," for the multiple injuries. Justiniano would have the Board calculate the award based upon the "partial loss of use" of the individual legs.

Amicus Curiae, the Indiana State AFL–CIO (AFL–CIO), has also favored this court with an appellate brief, urging that the Board erroneously · calculated the amount of the award. The AFL–CIO asserts that the Board erred in applying a "degrees of impairment" analysis. It argues that the Board should have simply determined the percentage or proportional loss that Justiniano had of his legs in deciding the award that should have been granted.

### FACTS

The undisputed facts reveal that on February 4, 1995, Justiniano was working on a construction project for appellee-defendant, Ron Williams's company. Sometime during that day, Justiniano fell from some scaffolding while hanging drywall in a gymnasium. When the scaffolding collapsed, he fell nearly twenty-two feet and

be paid a weekly compensation equal to sixty-six and two-thirds percent (66 2/3%) of his average weekly wage for a period not to exceed five hundred (500) weeks. Thereafter, the employee will receive PPI benefits.

landed on a concrete floor. As a result of the accident, Justiniano sustained serious injury to both legs.

Justiniano then filed a claim for worker's compensation benefits on October 8, 1997. Williams acknowledged that Justiniano was entitled to an award for temporary total disability benefits as well as statutory medical expenses. A dispute arose, however, as to the amount of compensation that Justiniano should receive in PPI benefits. Thereafter, the parties submitted the matter to the Worker's Compensation Board hearing judge by a stipulation of fact they presented on November 22, 1999. In relevant part, the parties provided that the issue to be decided by the Board pertained to the proper dollar amount of benefits to which Justiniano should be entitled. The facts submitted by the parties stated that the treating physician determined that Justiniano was at maximum medical improvement and concluded that Justiniano's permanent partial impairment was "18% of the lower extremity, bilaterally." Appellant's brief at 6. As a result of this conclusion, the parties requested that the Board decide the amount to which Justiniano was entitled in benefits under IND. CODE § 22–3–3–10, the Injury Compensation Statute.

On April 19, 2000 at a pretrial hearing, the judge requested that the parties provide him with Justiniano's medical records. The documents the judge ultimately received on November 8, 2000, described the scope of Justiniano's injury, the treatment he received and the physician's opinion regarding the extent of PPI. After reviewing the medical reports, the judge observed that Justiniano's physician converted the PPI of 18% of the "lower extremities bilaterally" to a total of 16% "whole body impairment." Based upon that determination, the judge concluded that Justiniano was entitled to a PPI rating of 16.2 degrees in accordance with the act, and calculated the award to be $9340.

Justiniano then filed his application for review by the full Board. Following an oral argument presented by the parties on March 13, 2001, the full Board issued its decision and affirmed the hearing judge's decision. Justiniano now appeals, claiming that the Board erroneously interpreted the Injury Compensation Statute and should have granted benefits to him in the amount of $47,880. In essence, Justiniano claims that the Board calculated the award based on facts outside the stipulations of the parties, where it was shown that there was a "bilateral" partial loss of use of the legs.

## DISCUSSION AND DECISION
### I.  Standard of Review

Generally, in reviewing a decision by the Board, this court does not reweigh the evidence or judge the credibility of the witnesses. We only determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, supports the Board's findings and conclusions. *Hill v. Worldmark Corp.*, 651 N.E.2d 785, 786 (Ind.1995).

When, as here, no evidentiary hearing is held, the facts are not in dispute and the question is primarily a legal one, we do not grant the same degree of deference to the Board's decision, for law is the province of the judiciary and our constitutional system empowers the courts to draw legal conclusions. *Walker v. State*, 694 N.E.2d 258, 266 (Ind.1998). In performing a legal analysis and in interpreting the provisions of the Act, we construe the Act and resolve doubts in the application of terms in favor of the employee so as to effectuate the Act's humane purpose to provide injured workers with an expeditious and adequate remedy. *Id.*

## II. Justiniano's Claim—Calculation of Benefits

■ Justiniano makes the claim that the Board erred in failing to liberally construe and apply the provisions of the Act in his favor. Specifically, he contends that the Act entitles him to a greater award by virtue of his partial loss of use of both legs resulting from a single workplace event. Essentially, Justiniano argues that the Board erred in assigning a "degree of impairment" of the "whole body" when calculating the award, and maintains that the proper method of calculating the award in accordance with the provisions of the Act requires the consideration of the "proportional loss of use" of his legs, which would result in greater benefits to him under the Act.

■ In resolving the issue that Justiniano presents today, it is imperative to note that the stipulations of fact the parties originally provided to the hearing judge state that Justiniano's impairment was "18% of the lower extremity, bilaterally." Tr. at 4–5. Thereafter, it is apparent that the judge declined to accept those stipulations, inasmuch as he subsequently requested the parties to provide him with Justiniano's medical records so that he could make the proper determination of permanent impairment. The medical records revealed that Justiniano's physician concluded that the "whole body impairment" as a result of the injuries, amounted to 16%.

When considering circumstances such as those presented here, this court has determined that the binding effect of a stipulation submitted by the parties is that the stipulation must be approved by either the court or the Board. *Ehle v. Ehle,* 737 N.E.2d 429, 433–34 (Ind.Ct.App.2000). Inasmuch as the Board did not accept the stipulation regarding the percentage of Justiniano's permanent impairment, its effect was not binding as to that element.

As set forth above, the medical records indicated that Justiniano suffered injuries to both legs, and the attending physician assigned a permanent impairment rating of 18% of the leg, bilaterally. The doctor then determined that the permanent impairment rating for both legs was 16% of the person as a whole. Appellee's App. at 4.

■ In calculating the amount of compensation that is due an injured employee under the Act, this court determined in *Superior Construction Co. v. Day,* 127 Ind. App. 84, 91, 137 N.E.2d 543, 547 (1956), that where multiple injuries are sustained, the measure of compensation should be the degree of impairment of the man as a whole, and not the value of the individual injuries. *See also Custer v. Fougerhousse,* 123 Ind.App. 559, 562, 112 N.E.2d 584, 585 (1953) (same).

Applying such a rationale to these circumstances, the Injury Compensation Statute provides that the percentage of the whole body impairment equals one degree for each percentage of permanent impairment. The Board found that Justiniano was offered 16.2 degrees for his impairment. For the injuries that occurred in February 1995, the Board arrived at a $5,000 figure by multiplying 1–10 degrees times $500 per degree. It then added 11 through 16.2 degrees times $700 per degree and arrived at a figure of $4340. Thus, the Board determined that Justiniano was entitled to benefits in the amount of $9340.

Notwithstanding these provisions, Justiniano points to the language of I.C. § 22–

3–3–10(c)(10), which provides that: "For the permanent partial loss of the use of ... a leg, ... compensation shall be paid for the proportionate loss of the use of the ... leg." Thus, because Justiniano's physician determined that he lost 18% of the use of each leg, the figure representing the value of an entire leg, which is $41,000,[3] should be multiplied by 18% and yield an amount of $7380. Justiniano then argues that because he suffered an 18% partial loss of use impairment to both legs, the award becomes $14,760. Justiniano arrives at this figure by urging that the Board's improper assignment of degrees of impairment calculation and analysis contradicts the plain language of the act. We reject this contention, however, in accordance with the Board's exercise of discretion to adopt the physician's determination that Justiniano suffered a 16% "whole body impairment." Inasmuch as this court has determined that the proper measure of compensation should be the degree of impairment of the person "as a whole," there was no error in the Board's calculation of benefits in this fashion.

While Justiniano and the AFL–CIO have offered alternative calculation methods for determining the amount of PPI benefits to which he should be entitled, such calculations are based upon the assumption that the Injury Compensation Statute should have been construed to apply to permanent impairment of "each individual leg, bilaterally." Inasmuch as we have determined that the Board correctly determined that Justiniano's permanent impairment was 16% of the body as a whole, we need not consider Justiniano's alternative benefit calculation methods.

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.

---

3. The value of an entire leg is calculated by adding the figures set forth in I.C. § 22–3–3–10(d)(3), which attributes 45 degrees to the loss of a leg by the following:

1 through 10 degrees, i.e., 10 degrees times $500 = $5000

11 through 20 degrees, i.e., 10 degrees times $700 = $7000
21 through 35 degrees, i.e., 15 degrees times $ 1000 = $15,000
36 through 45 degrees, i.e., 10 degrees times $ 1400 = $14,000.